IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ROBERT L. MARTIN                                                          PLAINTIFF

VS.                                          CIVIL ACTION NO. 5:18-cv-73(DCB)(MTP)

IBM CORPORATE HEADQUARTERS, ET AL.                                    DEFENDANTS

ORDER

THIS MATTER is before the Court sua sponte to address the plaintiff Robert L. Martin's failure to prosecute this action and his failure to comply with this Court's orders.

On July 5, 2018, the plaintiff filed his action, but he failed to serve the defendants within 90 days as required by Fed.R.Civ.P. 4(m). Accordingly, on October 11, 2018, Magistrate Judge Michael T. Parker entered an Order (docket entry 3) directing Martin to serve the defendants on or before November 12, 2018. Magistrate Judge Parker warned Martin that this action could be dismissed if he did not complete service by that date.

The plaintiff failed to serve any of the defendants by November 12, 2018. Instead, on November 27, 2018, Martin filed a letter (docket entry 4) requesting additional time to serve the defendants because he had not retained an attorney. On November 29, 2018, Magistrate Judge Parker entered an Order (docket entry 5) finding that Martin had not shown good cause for an extension. The Magistrate Judge noted that Martin must serve the defendants whether or not he is represented by counsel. Nevertheless,

Magistrate Judge Parker granted Martin a "final brief extension of time to serve process," and ordered Martin to properly serve the defendants and file a proof of service on or before December 14, 2018.  Martin was warned that "[i]f service is not perfected and proof thereof filed with the Court by December 14, 2018, the case may be dismissed without prejudice pursuant to Rule 4(m) and without further notice."

 To date, the plaintiff has not filed a proof of service, nor has he had a summons issued. Fed.R.Civ.P. 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Additionally, pursuant to Fed.R.Civ.P. 41(b), a trial court has discretionary authority to dismiss an action sua sponte for the plaintiff's failure for the plaintiff's failure to prosecute or comply with any order of the court.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998).

The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to ... clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief ... so as to achieve the orderly and expeditious

disposition of cases." Link, 370 U.S. at 629-31; see also Lopez v. Aransas County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's Rule 41(b) discretionary authority).

Inasmuch as the plaintiff has failed in his obligation to prosecute this action and comply with the Court's orders, the Court shall dismiss this action without prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

IT IS THEREFORE ORDERED THAT:

(1) This action is DISMISSED WITHOUT PREJUDICE;

(2) A separate Judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED, this the 16th day of April, 2019.

    David Bramlette
    UNITED STATES DISTRICT JUDGE